IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID J. WILLIAMS, IDA WILLIAMS, his wife,
K.H., Infant and by parents and next friends,
David J. Williams and Ida Williams, A.W.,
Infant and by parents and next friends,
David J. Williams and Ida Williams, P.W.,
Infant and by parents and next friends,
David J. Williams and Ida Williams, D.W.,
III, Infant and by parents and next friends,
David J. Williams and Ida Williams, M.W.,
Infant and by parents and next friends,
David J. Williams and Ida Williams, C. W.,
Infant and by parents and next friends,
David J. Williams and Ida Williams, J. W.,
Infant and by parents and next friends,
David J. Williams and Ida Williams, and
Z. W., Infant and by parents and next
friends, David J. Williams and Ida Williams,**

    **Plaintiffs,**

**v.**             //   CIVIL ACTION NO. 1:10CV206
                    (Judge Keeley)

**HARSCO CORPORATION, a Delaware
Corporation, d/b/a Harsco Systems,
TERRY L. SHRIVER, an individual,
DOMINION RESOURCE SERVICES, INC.,
and BETA MAX, INC., a Florida
Corporation,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND (DKT. 12)</u>**

**I. PROCEDURAL HISTORY**

Plaintiff David J. Williams ("Williams"), a West Virginia resident, together with his wife and minor children who assert derivative claims, filed this action in the Circuit Court of Monongalia County, West Virginia. Defendants Harsco Corporation

**WILLIAMS, et al. v.**                                                                     **1:10CV206**
**HARSCO CORP., et al.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

("Harsco"), a Delaware corporation, and Terry L. Shriver ("Shriver") removed the case on the basis of diversity jurisdiction, claiming that Shriver, who is also a West Virginia resident, was fraudulently joined in the complaint. Defendants Dominion Resource Services, Inc. ("Dominion"), a Virginia corporation, and Beta Max, Inc. ("Beta Max"), a Florida corporation, consented to the removal.

The plaintiffs moved to remand, alleging a lack of diversity. At a hearing on May 10, 2011, the Court granted the motion to remand after concluding that the complaint stated a colorable cause of action against Shriver under West Virginia law. The purpose of this Memorandum Opinion and Order is to more fully set forth the reasons for remanding the case.

## II. FACTUAL BACKGROUND

According to the plaintiffs' Amended Complaint, Williams was injured on November 16, 2008, while working at Dominion's Mount Storm power plant in Grant County, West Virginia. Williams's employer at the time was defendant Harsco, a contractor of Dominion. Terry Shriver served as Harsco's site superintendent with responsibility for the power plant site. Because the critical question in the analysis of the plaintiffs' motion to remand is

2

whether Williams can assert a viable claim against Shriver, the non-diverse defendant, the nature of Shriver's involvement in the underlying controversy is relevant.

According to the complaint, "Shriver was employed by Defendant HARSCO as a site superintendent with responsibility for and control over all Harsco activities at various and differing project sites." (Amended Complaint, ¶ 7.) Harsco and Shriver "created and/or allowed unsafe working conditions at the [Mount Storm] construction site," (id. at ¶ 20), and "Shriver knew of the specific unsafe work conditions," (id. at ¶ 22), but failed to correct them. (Id. at ¶ 25.)

### III. ANALYSIS

#### A. Fraudulent Joinder Standard

Fraudulent joinder may only be established, and thus diversity jurisdiction held proper, where the defendant can prove that the plaintiff has no chance whatsoever of maintaining a cause of action against a non-diverse defendant in state court. Marshall v. Manville Sales Corp., 6 F.3d 229 (4th Cir. 1993). Federal jurisdiction is not present when the plaintiff has at least a "slight possibility of a right to relief" against the non-diverse defendant. Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th

Cir. 1999). This "standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Id. at 424.

### B. West Virginia Deliberate Intent Statute

Notwithstanding the immunity granted by the West Virginia workers' compensation statute, in Mandolidis v. Elkins Indus., Inc., 246 S.E.2d 907 (W. Va. 1978), the state's Supreme Court of Appeals recognized an exception to that immunity, establishing a cause of action against an employer for workplace injuries resulting from willful, wanton and reckless misconduct. The West Virginia Legislature later codified that exception in the statutory section now found at W. Va. Code § 23-4-2(d)(2). Each of the two sub-sections of this provision, §§ (d)(2)(i) and (d)(2)(ii),[1] provides an independent means of establishing deliberate intent. Coleman Est. v. R.M. Logging, Inc., 700 S.E.2d 168 (W. Va. June 2, 2010)(citing Syl. Pt. 1, Mayles v. Shoney's, Inc., 405 S.E.2d 15 (W. Va. 1990)).

Sub-section (i) requires a plaintiff to prove that the "employer or person against whom liability is asserted acted with

---

[1] The parties refer to these independent causes of action as the "single i claim" and "double i claim," respectively.

4

a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." Neither negligence, recklessness nor willful misconduct satisfies the requirements of this subsection – instead, in a single i claim a plaintiff must prove that an employer or other person granted immunity actually tried to injure or kill him. Syl. Pts. 7-9, Tolliver v. Kroger Co., 498 S.E.2d 702 (W. Va. 1997).

Sub-section (ii), which does not require proof of subjective intent to injure, tracks the Mandolidis cause of action. See Mayles, 405 S.E.2d at 25-26 (Neely, J., dissenting)(describing Mandolidis as recognizing "constructive intent"). Under this sub-section, in order to establish a prima facie case of a double i claim of deliberate intent, a plaintiff must prove five elements: 1) that an unsafe condition existed; 2) that the employer actually knew of it; 3) that the hazard was a violation of safety rules; 4) that the employer exposed the plaintiff to the hazard; and 5) that serious injury resulted. Syl. Pt. 6, Coleman, 700 S.E.2d 170. Unlike subsection (i), this provision does not refer to any "other person against whom liability is asserted," but refers repeatedly to "the employer."

Harsco and Shriver argue, and some West Virginia federal decisions have held, that this difference means no cause of action exists against a fellow employee or supervisor under sub-section (ii). A contrary line of authority, however, recognizes that a plaintiff may indeed assert a cause of action under sub-section (ii) against a supervisor or co-employee where appropriate facts exist.

In the Amended Complaint, Williams asserts claims under both sub-sections. Because Williams has pled a plausible sub-section (ii) claim against the non-diverse defendant, the Court need not address his sub-section (i) claim, or the defendants' motion to dismiss that claim under Fed.R.Civ.P. 12(b)(6).

### C. Conflicting Case Law

In a 1987 published opinion, this Court remanded a case after concluding that the plaintiff could arguably state a claim against a supervisor under sub-section (ii). Weekly v. Olin Corp., 681 F.Supp. 346 (N.D.W. Va. 1987)(Kaufman, Senior District Judge, D.Md., sitting by designation). Most subsequent decisions of this Court have reached the same result. See, e.g., Hoffman v. Consolidated Coal Co., Civ. Action No. 1:10cv83 (N.D.W. Va. Dec. 1, 2010); Beagle v. Altivity Packaging, LLC, Civ. Action No. 5:09cv33

6

**WILLIAMS, et al. v.**                                               **1:10CV206**
**HARSCO CORP., et al**.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

(N.D.W. Va. July 31, 2009); Howell v. Nalco Chem. Co., Civ. Action No. 5:00cv205 (N.D.W. Va. Aug. 9, 2001); Morris v. PPG Indus., Inc., Civ. Action No. 5:99cv137 (N.D.W. Va. June 7, 2000); Crow v. Allied-Signal, Inc., Civ. Action No. 5:94cv91 (N.D.W. Va. July 18, 1995); but see Fincham v. Armstrong World Indus., Civ. Action No. 2:08cv101 (N.D.W. Va. Nov. 7, 2008)(holding that no sub-section (ii) claim exists against a co-employee or supervisor). The Southern District of West Virginia has more often reached the opposite conclusion. See, e.g., Evans v. CDX Svcs., 528 F. Supp.2d 599 (S.D.W. Va. 2007).

    Significantly, however, at least two West Virginia trial court opinions follow the Weekly line of cases and support the viability of the claim against Shriver. The most thorough of these is Anderson v. Am. Elec. Power Svc. Corp., No. 06-C-770 (Kanawha Co. W. Va. Cir. Apr. 10, 2007). Accord, Knight v. Baker Material Handling Corp., No. 01-C-39-1 (Harrison Co. W. Va. Cir. Ct. Sept. 26, 2001).

    The court's reading of the statute in Anderson is eminently reasonable. The introductory portion of the i section at issue provides that "[t]he immunity from suit . . . may be lost only if the employer or person against whom liability is asserted acted

7

with 'deliberate intention'." § 23-4-2(d)(2)(emphasis added). "This requirement may be satisfied only if" either sub-section (i) or sub-section (ii) is proven. Id. In Anderson, the court concluded that this overarching introductory provision suggests the statutory immunity of employers and other persons is identical, and thus no greater immunity should exist for a supervisor who acts with deliberate intent as set forth in sub-section (ii). Such was the holding of Weekly more than twenty years ago. 681 F.Supp. at 352 ("Plaintiff's interpretation is consistent with West Virginia cases which hold that the scope of immunity afforded fellow employees . . . was intended by the legislature to be identical to that enjoyed by the employer.")

## IV. CONCLUSION

The question in this case, and indeed in all of those cited, is clearly a debatable point of state law that remains unresolved by the West Virginia Supreme Court of Appeals. On a motion to remand, however, "all legal uncertainties are to be resolved in the plaintiff's favor." Hartley, 187 F.3d at 425. Thus, the Court need only find that a "glimmer of hope" exists that Shriver may be held liable under sub-section (ii). Id. at 426. The fact that several decisions of this Court, and at least two state trial court

decisions, have upheld a sub-section (ii) claim against a supervisor supports the conclusion that a real possibility exists that Williams could prevail on his claim in state court. Notably, the defendants here have not produced any state court decisions directly supporting their position.

For the reasons discussed, at the hearing on May 10, 2011, the Court **GRANTED** the motion to remand (dkt. 12), and **REMANDED** this case to the Circuit Court of Monongalia County.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the Clerk of the Circuit Court of Monongalia County, and to remove this case from the active docket.
DATED: July 22, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE